NOT RECOMMENDED FOR PUBLICATION
File Name: 07a0816n.06
Filed: November 21, 2007

No. 07-3198

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT


| | |
|---|---|
| P.R. AND B.R., as parents and next friends of a minor, C.R., | ) |
| | ) |
| | ) ON APPEAL FROM THE UNITED |
| Plaintiffs-Appellants, | ) STATES DISTRICT COURT FOR |
| | ) THE NORTHERN DISTRICT OF |
| v. | ) OHIO |
| | ) |
| WOODMORE LOCAL SCHOOL | ) |
| DISTRICT, | ) |
| | ) |
| Defendant-Appellee. | |


**BEFORE: DAUGHTREY and GILMAN, Circuit Judges; EDMUNDS,* District Judge**

**PER CURIAM.** This appeal is brought by P.R. and B.R. ("Parents"), who were

unsuccessful in a lawsuit filed on behalf of their child ("the Student"), in which they claimed that

he was a child with a disability within the meaning of the Individuals With Disabilities

Education Act ("IDEA"), 20 U.S.C. §§ 1400, *et seq.*, and that they were entitled to

reimbursement for the cost of an independent educational evaluation ("IEE"). The sole issue on

appeal is whether the district court erred as a matter of law when it affirmed an administrative

agency decision that Parents were not entitled to be reimbursed for the cost of a privately

obtained IEE. Because there was no error, we AFFIRM the judgment of the district court.

---

*The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District
of Michigan, sitting by designation.

## I. Background

### A. Due Process Hearing Requests and Administrative Proceedings

The facts are fully set forth by the district court in its eligibility and reimbursement decisions. A brief summary is as follows.

Student attended public schools in the Woodmore Local School District ("School District") from kindergarten until his graduation from high school in June, 2006. When the Student was half-way through his junior year in high school, Parents made a written request to the School District to have him tested for a learning disability. Shortly thereafter, in response to disciplinary action against the Student, Parents requested a due process hearing seeking, among other things, that the School District be ordered to perform the requested Student evaluation.

Before the due process hearing could begin, several events occurred. The School District completed a multi-factored evaluation ("Evaluation") of the Student and concluded that he was not eligible for special education services under the IDEA. Parents, unhappy with that decision, hired someone to perform an IEE. They also amended their due process hearing request, notifying the School District for the first time that they had obtained an IEE and were seeking reimbursement for that privately obtained IEE.

A due process hearing was then held before an Impartial Hearing Officer ("IHO"). Despite the Student's ADD and allergy problems, the IHO concluded that he did not qualify for special education services under the Other Health Impairment ("OHI") provisions of the IDEA because his educational performance was not adversely affected. In light of this, the IHO determined, Parents were not entitled to be reimbursed for the cost of their privately obtained IEE. Parents appealed, and the State Level Review Officer ("SLRO") affirmed the IHO's decisions as to eligibility and reimbursement.

2

Parents, unhappy with the SLRO's decision, filed suit in the district court under the IDEA.

**B.      District Court Decisions**

Parents brought suit under the IDEA in the district court arguing, inter alia, that the School District improperly denied the Student special education services and improperly denied their request for reimbursement of the cost of an IEE.[1]  The district court issued separate decisions on these issues.

**1.      IDEA Eligibility Decision**

On August 28, 2006, the district court ruled on the parties' cross-motions for summary judgment.  It granted the School District's motion finding that the District's IDEA eligibility determination was appropriate.  The court thus denied Parents' motion on that issue, and further denied as premature both parties' motions as to the issue of reimbursement for the IEE.

The parties' primary dispute was whether the Student was eligible for IDEA special education services under the OHI provision, and they focused on whether his ADD/ADHD adversely affected his educational performance.  Because educational expertise was required to make that determination, the district court concluded that it was required to give "due weight" to the IHO's and the SLRO's factual findings.  Applying that standard of review, the district court affirmed the SLRO's IDEA eligibility determination.

**2.      Reimbursement Decision**

---

[1]Parents also appealed the SLRO's reversal of the IHO's decision requiring the School District to implement a 504 plan.  That issue is not relevant to this appeal and thus is not discussed.

On January 8, 2007, the district court issued an order determining that Parents were not entitled under the IDEA to be reimbursed for the expense of their privately obtained IEE. Both Parents and the School District relied on the federal regulations implementing the IDEA to support their contrary positions. The district court first rejected the School District's argument that the regulations precluded reimbursement because Parents failed to first notify them that they wanted an IEE. It then rejected Parents' argument that the regulations required reimbursement because the School District failed to initiate a due process hearing. Rather, the district court held, the appropriateness of the School District's evaluation had been tested and confirmed at its earlier eligibility hearing. Moreover, because it had concluded that the Student was not eligible for special education services, Parents were not entitled to be reimbursed for the cost of their privately obtained IEE.

Parents appeal only the reimbursement decision.

## II.     Discussion

### A.     Standard of Review

A district court initially reviewing an IDEA administrative finding "should make an independent decision based on a preponderance of the evidence but also should give 'due weight' to the determinations made at the state administrative process." *Bd. of Educ. of Fayette County, Ky. v. L.M.*, 478 F.3d 307, 312 (6th Cir. 2007) (citations and quotation marks omitted), *petition for cert. filed*, 76 U.S.L.W. 3199 (U.S. Oct. 3, 2007) (No. 07-465). "A district court thus reviews IDEA cases under a modified de novo standard, meaning that it may set aside administrative findings in an IDEA case only if the evidence before the court is more likely than not to preclude the administrative decision from being justified based on the agency's presumed educational expertise, a fair estimate of the worth of the testimony, or both." *Id.* at 312-13

4

(citation and quotation marks omitted). "More weight is due to an agency's determination on matters for which educational expertise is relevant." *Id.* at 313 (citation and quotation marks omitted).

On appeal, we review the district court's findings of fact for clear error, and its conclusions of law are reviewed de novo. *Id.* Mixed questions of law and fact "are reviewed de novo, although the panel should accord due deference to the state administrative hearing officer's decision." *Id.* (citation and quotation marks omitted).

## B.        Statutory and Regulatory Framework

In this appeal, Parents do not contest the district court's eligibility determination. Moreover, neither party contests Parents' right to obtain an IEE. What is at issue is whether the federal and state regulations require reimbursement to Parents of the cost of a privately obtained IEE. The relevant regulations provide as follows:

> (b)        *Parent right to evaluation at public expense.*
>
> > (1)  A parent has the right to an independent educational evaluation at public expense if the parent disagrees with an evaluation obtained by the public agency.
> >
> > (2)  If a parent requests an independent educational evaluation at public expense, the public agency must, without unnecessary delay, either –
> >
> > > (i)  Initiate a hearing under § 300.507[2] to show that its evaluation is appropriate; or
> > >
> > > (ii)  Ensure that an independent educational evaluation is provided at public expense, unless the agency demonstrates in a hearing under § 300.507 that the evaluation obtained by the parent did not meet agency criteria.

---

[2] 34 C.F.R. § 300.507 addresses procedures for impartial due process hearings.

> (3) If the public agency initiates a hearing and the final decision is that the agency's evaluation is appropriate, the parent still has the right to an independent educational evaluation but not at public expense.

34 C.F.R. § 300.502(b)(1)-(3); *see also* Ohio Admin. Code § 3301-51-05(F)(3)-(6).

## C. The District Court Did Not Err in Denying Reimbursement

On appeal, Parents argue that, because the School District failed to initiate a due process hearing as required under the regulations, it *must* reimburse them for the cost of their privately obtained IEE. Specifically, Parents argue that the district court erred (1) by construing the relevant federal and parallel state regulations in a manner that excused the School District from initiating a due process hearing where it had the burden of proving the appropriateness of its Evaluation, and (2) by concluding that the appropriateness of the School District's Evaluation had been tested and confirmed at a due process hearing and thus Parents were not entitled to reimbursement.

### 1. District Court Properly Construed the Relevant Regulations

The district court did not err, as a matter of law, when it determined that Parents were not entitled to be reimbursed for the cost of their privately obtained IEE. *See* § 300.503(b)(3). Contrary to Parents' arguments here, the district court properly construed the federal and parallel state regulations at issue in a manner that gave effect to their purpose.

First, the district court rendered a decision that correctly fit the unique facts of this case to the relevant law. Parents did not notify the School District in advance that they wanted to obtain an IEE. Rather, they amended their pending request for a due process hearing, asking that the IHO (1) find that the IEE they had already obtained was appropriate, (2) find that the Student was eligible under the IDEA as a child with an Other Health Impairment, and (3) order the

6

School District to reimburse Parents for the cost of the privately obtained IEE. Without prior notice of Parents' desire to obtain an IEE, the School District was not able beforehand to initiate a due process hearing where it could show that its Evaluation of the Student was appropriate. Moreover, as the record reflects, this is not a situation where the School District chose *not* to initiate a due process hearing. Rather, it made that recommendation upon learning that Parents had obtained an IEE and were seeking reimbursement of its cost. It was Parents who protested and insisted that these matters be addressed in the due process hearing that they had requested and that was set to begin within a few days. The IHO agreed with the Parents, but adjourned the scheduled hearing for a few days out of a sense of fairness to the School District so that it had time to prepare for these newly added issues. There is no dispute that a due process hearing was held, albeit at Parents' request rather than the School District's.

Next, the district court properly rejected the School District's argument and the SLRO's legal conclusion that, pursuant to § 300.502(b)(2), Parents were not entitled to reimbursement for the IEE because they failed to first notify the School District that they disagreed with its Evaluation and wanted an IEE. This argument has been rejected by several Circuit Courts of Appeal. *See Bd. of Educ. of Murphysboro Cmty. Unit Sch. Dist. No. 186 v. Ill. State Bd. of Educ.*, 41 F.3d 1162, 1169 (7th Cir. 1994) (citing *Hudson v. Wilson*, 828 F.2d 1059, 1065 (4th Cir. 1987), and observing that "parents can initiate an evaluation before notifying a school district that they disagree with the district's evaluation"); and *Warren G. v. Cumberland County Sch. Dist.*, 190 F.3d 80, 87 (3d Cir. 1999) (observing that "[t]o accept the [School] District's argument would render the regulation pointless because the object of parents' obtaining their own evaluation is to determine whether grounds exist to challenge the [appropriateness of the School] District's").

7

Finally, the district court properly rejected Parents' argument that the regulations require the School District to reimburse the cost of their IEE because it failed to initiate the due process hearing where the appropriateness of its Evaluation was tested and confirmed. The district court's construction of § 300.502(b)(2)(i) and (b)(3) is consistent with the construction of § 300.502(b)(2) in *Board of Education of Murphysboro* and *Hudson*. To accept Parents' argument here would render these regulations pointless. Their object is to afford Parents an opportunity to challenge and the School District to defend the appropriateness of its Evaluation in an impartial hearing, and that was done here. As long as the object of the regulations is accomplished, there is no reason to exalt form over substance. Their purpose is not served by holding that there must be reimbursement at public expense when it is the parents rather than the public agency that initiates the due process hearing where the appropriateness of the School District's Evaluation is challenged and confirmed. This is especially true under these facts where the School District's attempt to initiate a due process hearing on these very issues was rejected because of Parents' objections.

Under the IDEA, parents of a child who may have a disability have the right to obtain an independent educational evaluation of the child. 20 U.S.C. § 1415(b)(1). The district court properly construed the implementing regulations as stating that, if there is a hearing where the parent was afforded due process and the final decision "is that the agency's evaluation is appropriate, the parent still has the right to an independent educational evaluation but not at public expense." § 300.502(b)(3).

2.     **The Appropriateness of the School District's Evaluation Has Been Tested and Confirmed**

8

Contrary to Parents' arguments otherwise, the appropriateness of the School District's Evaluation was considered in the IDEA due process hearing they requested. Both Parents and the School District had a full and fair opportunity to present evidence and arguments regarding the School District's Evaluation, Parents' privately obtained IEE, and the appropriateness of both. As a result, the district court properly concluded that Parents were not entitled to reimbursement under § 300.502(b)(3).

Parents' first opportunity to challenge the appropriateness of the School District's Evaluation presented itself at the due process hearing they initiated. In fact, that was the purpose of their IEE. They disagreed with the School District's Evaluation and paid to have an IEE. They used that IEE, both in the administrative proceedings and in the district court, to challenge the appropriateness of the School District's Evaluation and to defend the appropriateness of their privately obtained IEE. The School District did the converse.

At the two-day due process hearing before the IHO, numerous exhibits were introduced and numerous witnesses testified about the School District's Evaluation testing process and conclusions. Witnesses included the Student's mother, the school psychologist, the athletic director, the special education director, the special education teacher, the Student's guidance counselor and his teachers for economics/government, math, chemistry, and English. There is no evidence that the District failed to undertake the burden of defending the appropriateness of both its Evaluation and its eligibility determination at the due process hearing.

Witnesses at that hearing also included Dr. Garner, the licensed clinical psychologist hired by Parents to perform the IEE. There is no evidence that Parents were denied the opportunity to fully and fairly challenge the appropriateness of the School District's Evaluation

9

and the correctness of its eligibility determination by arguing that their privately obtained IEE was more credible and its contrary eligibility conclusion factually supported.

Based on evidence presented at the impartial due process hearing, however, the IHO found that the School District's Evaluation was more credible and thus more "appropriate" than the IEE. The SLRO concluded that the IHO's factual findings were not clearly erroneous. Giving the IHO's and SLRO's factual findings "due weight" because educational expertise was required, the district court confirmed the appropriateness of the School District's Evaluation in its August 28, 2006 decision. Thus, in the administrative proceedings and in the district court, Parents challenged and the School District successfully proved both the appropriateness of its Evaluation and its decision, based on that Evaluation, that the Student was not eligible for special education services under the IDEA. Accordingly, the district court did not err when it held that Parents were not entitled to be reimbursed for the cost of their privately obtained IEE. Because there was a hearing where Parents were afforded due process and the final decision was that the School District's Evaluation was appropriate, "the parent still has the right to an independent educational evaluation but not at public expense." § 300.502(b)(3).[3]

III.    Conclusion

For the foregoing reasons, we affirm the judgment of the district court.

---

[3]In light of this conclusion, it is not necessary to discuss the School District's additional argument that reimbursement of the IEE is improper because it was introduced solely in the form of an expert opinion at the initial due process hearing, and expert fees are not recoverable under the IDEA.